Filed 4/28/15  P. v. Vizcardo CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN REAGAN VIZCARDO,<br><br>    Defendant and Appellant. | 2d Crim. No. B253233<br>(Super. Ct. No. 2011014241)<br>(Ventura County) |

Jonathan Reagan Vizcardo appeals a judgment following his no contest plea to two counts of unlawful sexual intercourse (Pen. Code, § 261.5, subd. (c)) and two counts of oral copulation of a person under the age of 18 (*id.*, § 288a, subd. (b)(1)).  The trial court sentenced him to an aggregate term of three years four months in state prison.  We conclude, among other things, that the court did not abuse its discretion by sentencing Vizcardo to state prison and denying his request to be placed on probation.  We affirm.

FACTS

In 2011, Vizcardo, 20 years of age, met a 14-year-old girl.  They began a sexual relationship.  He committed multiple acts of unlawful sexual intercourse and oral copulation with this girl.

At the time he committed these offenses, Vizcardo was on "juvenile probation" as a result of a juvenile court sustained petition finding he had sexually

molested an eight-year-old girl in 2009. His juvenile probation contained a condition that he not associate with children under the age of 16.

Vizcardo was arrested. He pled no contest to the current offenses. Vizcardo was evaluated under the "Static-99-R," a "State Authorized Risk Assessment Tool for Sex Offenders." The probation department said he received a score of four, "which places him in the Moderate-High Risk Category for being charged or convicted of another sexual offense, if he is released on probation."

The People requested the trial court to sentence Vizcardo to state prison. The prosecutor noted that Vizcardo's contact with the 14-year-old girl was a violation of his probation. She said he also had "a previous violation of probation where he was sending and receiving pictures of genitalia to and from different females via text messages."

The trial court sentenced Vizcardo to state prison, finding he was "unsuitable for probation." It said, "[S]hould I grant probation in my discretion, I would be placing young women at unreasonable risk for harm."

DISCUSSION

Vizcardo contends the trial court abused its discretion by not placing him on probation. We disagree.

"The trial court enjoys broad discretion in determining whether a defendant is suitable for probation." (*People v. Lai* (2006) 138 Cal.App.4th 1227, 1256.) "A decision denying probation will be reversed only on a showing of abuse of discretion." (*Id.* at p. 1257.) "To establish abuse, the defendant must show that, under the circumstances, the denial of probation was arbitrary or capricious." (*Ibid.*)

Vizcardo claims he was "twenty years old at the time" of the current offenses, and a court-appointed psychologist said he was "'emotionally' younger than his stated age, and he was clearly less mature." He notes that he had learning and educational deficiencies, was held back in school, and was consequently older than his high school classmates. He claims these factors support a grant of probation.

2

The existence of some mitigating factors, however, does not mean the trial court "abused its discretion in deciding against granting probation." (*People v. Ramirez* (2006) 143 Cal.App.4th 1512, 1530-1531.) The scope of the trial court's discretion was not confined to the evidence Vizcardo considers to be the most favorable to his position.

The probation report identified numerous factors supporting a denial of probation. These included: 1) Vizcardo "inflicted emotional injury" to the 14-year-old girl; 2) at the time he committed the current offenses, he was on "juvenile probation" for previously sexually molesting an eight-year-old girl (§ 288, subd. (a)); 3) his performance on juvenile probation was "unsatisfactory"; 4) he "does not appear to be remorseful"; 5) "[i]f not imprisoned, [he] will be a danger to others"; 6) his "ability to comply with and successfully complete probation appears significantly compromised by his substance abuse"; and 7) his prior record is "considered to be significant."

Here the trial court considered the aggravating and mitigating factors. Vizcardo claims it did not give proper consideration to the fact that he had "engaged in a consensual relationship" with the victim.

But Vizcardo was an adult and the victim was 14 years old. The trial court could reasonably give strong consideration to the factors involving the vulnerability of the victim "because of her age" and the emotional impact of the crime on her. (*People v. Ramirez*, *supra*, 143 Cal.App.4th at p. 1531.) The probation report indicates that "[t]he victim has suffered an undue amount of emotional distress *as a direct result of the defendant's actions*." (Italics added.) The victim's mother sought psychological counseling for her.

The trial court properly considered another factor. Within a short time span, Vizcardo had committed unlawful sexual offenses against two young girls. His Static-99-R evaluation showed he poses a moderate to high risk of reoffending.

Vizcardo claims an assessment by a court-appointed psychologist supports his position that he should have been placed on probation. He notes that Dr. Susan Ashley said "[h]is young age . . .suggests potentially devastating effects from imprisonment." But she also said his Static-99R shows he falls within a "Moderate-High

Risk Category for being charged or convicted of another sexual offense."  She noted that he is in denial about the offenses he committed against the girls.  She said he "has the typical cognitive distortions that sex offenders use to allow them to act out sexually and justify it to themselves and others.  The fact that he has been polymorphously perverse, in that he has committed a variety of sexual offenses, . . . *bodes poorly for protection against re-offense*, as does his denial . . . ."  (Italics added.)

The probation department's assessment was that Vizcardo was "unsuitable" for probation.  It said "any services he received while on juvenile probation *had no effect in curbing his inappropriate sexual desires*, as he pursued the victim simultaneously while being supervised on probation. . . .  He learned of her age prior to any sexual contact; however, he continued to pursue her and engaged in multiple sexual acts with her. . . .  He does not appear remorseful and appears to pose a threat given his high likelihood to reoffend."  (Italics added.)  Vizcardo has not shown an abuse of discretion.

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:


YEGAN, J.


PERREN, J.

4

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____

Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Jason C. Tran, Supervising Deputy Attorney General, Jonathan M. Krauss, Deputy Attorney General, for Plaintiff and Respondent.